UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:12-cr-76-jgm-1 |
| | : | |
| JEREMY ROBITAILLE, | : | |
|     Defendant. | : | |
| | : | |

RULING ON MOTION TO DISMISS
(Doc. 13)

I.    Introduction

Defendant Jeremy Robitaille moves to dismiss the indictment alleging he sent a threatening communication in the United States mail in violation of 18 U.S.C. § 876(c). (Doc. 13.) Robitaille contends the indictment is insufficient to support the charge because it fails to allege implicit essential elements. Id. at 1. The government responds that the indictment, as written, is sufficient. (Doc. 16 at 3-5.) For the reasons stated below, the motion to dismiss the indictment is denied.

II.    Discussion

In September 2011, Robitaille sent a letter from the Southern State Correctional Facility (SSCF) -- where he was serving a sentence for armed robbery of a pharmacy -- addressed to "James Haughs States Attrony, presumably intended for James Hughes, a Franklin County Assistant State's Attorney. Mr. Hughes was the prosecutor in Robitaille's robbery conviction. The letter was returned to SSCF because it was incorrectly addressed. In the letter, Robitaille stated he was going to kill Mr. Hughes and rape and murder Mr. Hughes' wife when he is released from prison in seven years. See Docs. 13 at 2; 16 at 2. During a January 2012 FBI interview, Robitaille admitted to writing the letter. See Docs. 13 at 1; 16 at 2. In May 2012, a grand jury returned a one-count

indictment against Robitaille for sending a threatening communication in the United States mail, a violation of 18 U.S.C. § 876(c).

Section 876(c) provides: "Whoever knowingly [] deposits or causes to be delivered [by the Postal Service] . . . any communication . . . addressed to any other person and containing any threat to . . . injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 876(c).

Defendant asserts the specific intent to threaten is an essential element of § 876(c). (Doc. 13 at 4-5.) Relying on Virginia v. Black, 538 U.S. 343 (2003), a case considering a state statute that punished cross burning, Defendant argues any statute proscribing threats may punish only "true threats" to avoid running afoul of the First Amendment. Id. at 4. Additionally, Defendant argues the First Amendment also requires proof that a reasonable recipient of the speech would feel threatened by the speech. (Doc. 13 at 5 (citing United States v. Bagdasarian, 652 F.3d 1113, 1116 (9th Cir. 2011).)

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment need only track the language of the statute charged and state the time and place of the alleged crime. United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002) (citation omitted). An indictment is sufficient if it contains the elements and fairly informs the defendant of the offense charged and enables the defendant to plead double jeopardy in future prosecutions for the same offense. United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). On a motion to dismiss, "the indictment must be tested by its sufficiency to charge an offense." United States v. Sampson, 371 U.S. 75, 78-79 (1962). In the absence of a full proffer of the government's evidence, "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." Alfonso, 143 F.3d at 776-7 (reversing dismissal of indictment

2

where district court "looked beyond the face of the indictment and drew inferences as to the proof that would be introduced by the government at trial" to satisfy an element of the charge).

Under Federal Rules of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2).  The Second Circuit has defined the "general issue" as "whether the defendant is guilty of the offense charged."  United States v. Doe, 63 F.3d 121, 125 (2d Cir. 1995). Motions to dismiss indictments are disfavored.  See, e.g., United States v. De La Pava, 268 F.3d 157 (2d Cir. 2001) (dismissal of an indictment is an "extraordinary remedy" reserved for extremely limited circumstances implicating fundamental rights).

The Supreme Court has cautioned statutes criminalizing "a form of pure speech" must be interpreted consistently with the protections of the First Amendment.  See Watts v. United States, 394 U.S. 705, 707 (1969).  The Second Circuit has held First Amendment concerns are satisfied by construing the word "threat" in an indictment "to exclude statements which are, when taken in context, not 'true threats' because they are conditional and made in jest."  United States v. Francis, 164 F.3d 120, 123 (2d Cir. 1999) (citation omitted) (reversing dismissal of indictment because indictment was adequate without charging specific intent).  The Court noted this "limitation . . . satisfies First Amendment concerns as fully as would the requirement that specific intent to carry out the threat be proven."  Id. (internal quotation and citations omitted).  Accordingly, the indictment need not include the element of specific intent because the definition of the word "threat" excludes constitutionally protected speech.  That is not to say the government is excused from proving the contents of the letter was not protected speech but instead constitutes a "true threat," however, a motion to dismiss is not the proper mechanism to challenge sufficiency of the

3

evidence. See, e.g., United States v. Yakou, 428 F.3d 241, 246 (D.C. Cir. 2005); United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000).

Secondly, while Defendant is correct that a conviction for sending a threatening communication requires proof that "an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a true threat of injury," United States v. Sovie, 122 F.3d 122, 125 (2d Cir. 1997) (internal quotation and citation omitted), that is a determination for the jury, not the Court on a motion to dismiss. See United States v. Xiang Li, 381 F. App'x 38, 39 (2d Cir. 2010) (affirming conviction where evidence of the objective element of threat charge was sufficient to uphold jury determination). The indictment sufficiently charges Robitaille with the offense of mailing a threatening communication in violation of 18 U.S.C. § 876(c).

III.    Conclusion

For the above reasons, Defendant's motion to dismiss the indictment (Doc. 13) is DENIED. This case will be placed on the December 11, 2012 jury draw calendar.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of October, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

4